IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03121-BNB

CRAIG ROBLEDO-VALDEZ,

    Applicant,

v.

ANGEL MEDINA, et al., and
TOM CLEMENTS,

    Respondents.

## ORDER

    Applicant is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Applicant initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). On December 3, 2012, Applicant filed a motion (ECF No. 5) seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Applicant alleged in the *in forma pauperis* motion that he receives spending money of about $40.00 each month, and attached to the motion are two account statements. The first account statement is dated October 12, 2012, and indicates that the available balance in Applicant's inmate account on that date was $36.10. (*See* ECF No. 5 at 3-4.) The second account statement is dated November 9, 2012, and indicates that the available balance in Applicant's inmate account on that date was $55.41. (*See id.* at 5-6.)

    On December 5, 2012, Judge Lewis T. Babcock entered an order denying

Applicant's motion seeking leave to proceed *in forma pauperis* and directing Applicant to pay the $5.00 filing fee for this habeas corpus action within thirty days.  Judge Babcock relied on the fact that Applicant's November 9, 2012, account statement (the more recent statement) demonstrated Applicant had sufficient assets to pay the $5.00 filing fee.

On December 7, 2012, Applicant filed a letter to the court (ECF No. 8), dated December 3, 2012, that apparently crossed in the mail with Judge Babcock's order denying Applicant leave to proceed *in forma pauperis* and directing Applicant to pay the $5.00 filing fee.  Attached to the letter is an account statement that indicates the account balance on November 30, 2012, was a negative $5.92.  (*See* ECF No. 8 at 2.)  Applicant alleges in the letter that the account statement accurately reflects the balance in his account on November 30.

Applicant has not paid the $5.00 filing fee within the time allowed and he has not filed any response to Judge Babcock's order denying leave to proceed *in forma pauperis* and directing Applicant to pay the $5.00 filing fee.  However, based on the account statement filed on December 7, it is not clear whether Applicant had sufficient funds to pay the filing fee after being ordered to do so.  Therefore, despite Applicant's failure to respond to Judge Babcock's December 5 order, Applicant will be given an extension of time either to pay the $5.00 filing fee or to show cause why the instant action should not be dismissed for failure to pay the $5.00 filing fee as directed.  In order to show good cause, Applicant must submit a certified copy of his inmate trust fund account statement for the month of December 2012 that demonstrates he was unable to pay the $5.00 filing fee within the time allowed.  Accordingly, it is

ORDERED that Applicant shall have **twenty-one days from the date of this Order** either to pay the $5.00 filing fee as directed or to show cause why this action should not be dismissed for failure to pay the $5.00 filing fee.  It is

FURTHER ORDERED that if Applicant fails either to pay the $5.00 filing fee or to show good cause within the time allowed, the action will be dismissed without further notice.

DATED January 11, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge